

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 14-12-BLG-SPW<br>CV 16-44-BLG-SPW |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| RYAN EDWARD LEE, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Ryan Edward Lee's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Lee is a federal prisoner proceeding pro se.

### I. Proceedings Before Guilty Plea

Lee was originally charged with three federal crimes. Indictment (Doc. 6). Trial was set for June 23, 2014. Scheduling Order (Doc. 28). On June 5, 2014, the United States obtained a superseding indictment charging Lee with four crimes. Superseding Indictment (Doc. 38). The next day, it filed an Information alleging Lee had a prior conviction for a felony drug offense. Information (Doc. 40).

On the day set for trial, June 23, 2014, Lee moved to change his plea to guilty but also stated that he required additional time to finalize the plea agreement. Mot. to Change Plea (Doc. 46). Trial was vacated. Order (Doc. 47).

1

On July 3, 2014, Lee made a phone call to his mother from the jail. The call was recorded. Lee admitted trafficking in methamphetamine. *See* Presentence Report ¶ 33. Counts 1 and 2 of the Superseding Indictment charged him with possession of methamphetamine with intent to distribute and conspiracy to possess methamphetamine with intent to distribute.

On July 8, 2014, the United States notified the Court that Lee had rejected the plea agreement. Notice (Doc. 49). As it turned out, right around that time, Lee was chiseling away at the window in his jail cell in an attempt to escape. *See* Presentence Report ¶¶ 34-41. Trial was reset for Monday, September 15, 2014. Order (Doc. 50).

On August 7, 2014, Lee personally wrote a letter to the Court seeking new counsel. Letter (Doc. 54). A hearing was held on August 13, 2014. Lee explained his concerns, but they did not appear to preclude a reasonable working relationship between Lee and counsel. *See* Mot. Hr'g Tr. (Doc. 109), *passim*. Counsel was ordered to remain on the case. Minutes (Doc. 55); Order (Doc. 56).

At 2:38 p.m. on Friday, September 12, 2014—the Friday before trial was set to begin—Lee's counsel moved to vacate the trial on the grounds that Lee refused to meet with him to prepare. At a hearing on September 15, Lee said he still had not seen the discovery he expressed a desire to see at the August 14 hearing. *See* Mot. H'rg Tr. (Doc. 110) at 10:16-11:5. Counsel was removed and trial reset for

November 12, 2014. Minutes (Doc. 73); Order (Doc. 75). On the same day, September 15, 2014, new counsel was appointed to represent Lee.

On October 20, 2014, the United States filed a second superseding indictment, charging two new federal offenses in addition to the four charges already pending. Second Superseding Indictment (Doc. 78). In addition, having discovered Lee's escape attempt on September 21, 2014, the United States filed a new indictment under a separate cause number charging Lee with his seventh federal offense, attempted escape. *See* Indictment (Doc. 1), *United States v. Lee*, No. CR 14-108-BLG-SPW (D. Mont. filed Oct. 20, 2014).

## II. Plea Agreement and Sentence

On October 29, 2014, Lee's new counsel filed a motion to enter a guilty plea. A plea agreement was filed on October 30, 2014. Lee agreed to plead guilty to one count of conspiracy to possess at least 50 grams of actual methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 2), and one count of carrying a firearm during and in relation to the drug conspiracy, a violation of 18 U.S.C. § 924(c)(1)(A) (Count 4). Due to his attempt to escape and his failure to provide timely notice of his intent to plead guilty, Lee also agreed he would receive a two-level upward adjustment in his advisory guideline calculation for obstruction of justice and would not receive a three-level downward adjustment for acceptance of responsibility. Plea Agreement (Doc. 85) at 2 ¶ 2, 7-8 ¶ 6. Lee

3

waived his right to appeal. *Id.* at 3 ¶ 2.

In exchange for Lee's guilty pleas, the United States dismissed the § 851 Information and charges of possession of methamphetamine with intent to distribute (Count 1), being a felon in possession of a firearm (Count 3), making a false statement during a firearms transaction (Count 5), aggravated identify theft (Count 6), and attempted escape as alleged in the separate indictment. *See id.* at 2-3 ¶ 2; Second Superseding Indictment (Doc. 78) at 2-5.

Sentencing was held on April 9, 2015. The United States asked the Court to impose a sentence of 322 months. Sentencing Tr. (Doc. 112) at 20:12-23:3. Lee's counsel ask the Court to impose the mandatory minimum sentence that applied in light of the plea agreement, 180 months. *Id.* at 23:6-30:14. On Count 2, Lee was sentenced at the low end of the advisory guideline range, 210 months, and on Count 4, the statutory mandatory minimum term of five consecutive years was imposed. As a result, Lee will serve 270 months in prison, to be followed by a five-year term of supervised release. Minutes (Doc. 101); Judgment (Doc. 102) at 2-3.

Had the United States not dismissed the § 851 Information and Count 6, and had Lee been convicted at trial, he would have received a *minimum* prison term of 324 months, consisting of 240 months on Count 2, a consecutive five years on Count 4, and two more consecutive years on Count 6. *See* 21 U.S.C. §

4

841(b)(1)(A); 18 U.S.C. § 1028A(b)(2). Depending on the guideline calculations resulting from conviction on Counts 1, 3, 5, and the escape charge, his sentence might have been even higher than 324 months.

Moreover, at sentencing, the United States indicated it could have alleged two prior convictions for a felony drug offense, triggering a mandatory minimum sentence of life in prison. Sentencing Tr. (Doc. 112) at 20:10-21:2. The record supports its contention. *See* Information § 851 (Doc. 40) at 1-2; Presentence Report (Doc. 104) ¶¶ 79, 82; 21 U.S.C. §§ 802(44), 841(b)(1)(A); *United States v. Mincoff*, 574 F.3d 1186, 1200-01 (9th Cir. 2009). Had Lee not pled guilty when he did, an Information alleging two convictions could have been filed at any time up until commencement of trial. 21 U.S.C. § 851(a)(1). As there is no parole in the federal system, life means life.

### III. Lee's Claims and Analysis

Lee now alleges that counsel was ineffective because she advised him to plead guilty without reviewing all the discovery materials and because she did not investigate a defense of coercion. He suggests that further investigation would have shown he was a minor participant in the drug conspiracy, may have enabled counsel to persuade the government to enter into a conditional plea agreement so that he could appeal the denial of his suppression motion, and may have prompted him to go to trial rather than pleading guilty. Supp. (Doc. 116) at 2-4.

5

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Lee must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

The discovery Lee says counsel did not review is the same discovery he wanted to review with his previous counsel. *See* Supp. at 2; Mot. Hr'g Tr. (Doc. 110) at 8:6-23. Therefore, at the time he pled guilty, Lee knew he still had not seen this discovery but pled guilty anyway. There is no reason to think the discovery he knew he had not reviewed actually held the key to the jailhouse door.

To support an affirmative defense of coercion, Lee would have had to prove, by a preponderance of the evidence, that he had "no reasonable opportunity to escape the threatened harm." 9th Cir. Jury Instr. (Crim.) No. 6.5 (2010). The letter he wrote before sentencing demonstrates the improbability of his meeting that burden. *See* Def.'s Sentencing Letter (Doc. 100-1) at 1-2. Even if others could testify that Hixon said something to Lee about "the cartel" or a "Mexican cartel," *see* Supp. at 2, Lee alleges no facts supporting an inference that he had "no

6

reasonable opportunity to escape," *see id.*; *see also, e.g.*, Presentence Report ¶ 46. As he himself said in his sentencing letter, "[i]n fear of jeopardizing my loved ones lives I made a decision to do as I was told instead of contacting the authorities—a very poor decision." Def.'s Sentencing Letter at 1.[1] Further, the person Lee says he was trying to protect—his girlfriend, Tara Whittecar—was in the car with him when he was stopped by the highway patrol en route to deliver methamphetamine. Presentence Report ¶ 26. That would have been a reasonable time to escape the threatened harm. Any competent attorney could reasonably have decided that a coercion defense was not worth investigating.

As for Lee's other claims, none support an inference that counsel's performance fell outside the bounds of reasonable professional assistance. Lee's course of conduct began several months before his arrest, when he used a stolen identity to obtain a firearm under false pretenses. *See* Presentence Report ¶¶ 30-31. It is difficult to resist the inference that Lee intended to engage in illegal activities for which he required a firearm. At any rate, counsel considered advocating for a role adjustment. *See* Presentence Report ¶ 54. There is no reason to suppose she made anything other than a reasonable choice not to do so. Hixon, whom Lee alleges was the supplier and coercer, was sentenced in July 2014, *see* Minutes (Doc. 26), *United States v. Hixon*, No. CR 13-122-BLG-SPW (D. Mont.

---

[1] It does not appear that Lee told his mother he was coerced. *See* Change of Plea Tr. (Doc. 111) at 29:8-23; Sentencing Tr. (Doc. 112) at 9:6-12:22.

July 23, 2014), nearly nine months before Lee. The United States could have called Hixon at Lee's sentencing hearing to testify not just against a role adjustment for Lee but also, potentially, to a greater quantity of methamphetamine, if, as Lee says, Hixon was his supplier. And that could have made it much harder for counsel to argue that the mandatory minimum sentence of 180 months was a sufficient punishment, but not greater than necessary, to redress Lee's conduct.

Lee only speculates that the United States might have agreed to a conditional plea. But even if it had, there is no reasonable probability Lee would have prevailed on appeal. *See* Order Denying Mot. (Doc. 42) at 8-9, 11-13; *see also, e.g.*, Mot. Hr'g Tr. (Doc. 109) at 7:1-9:17, 19:25-20:21.

Finally, especially in a case involving controlled buys, two escape attempts, *see* Presentence Report ¶¶ 29, 34-41, and a recorded confession, *id.* ¶ 33, there is no reasonable probability that a reasonable person in Lee's position would have chosen to face trial on seven outstanding charges in the face of an Information under § 851 alleging one, and potentially two, prior convictions for felony drug offenses.

All of Lee's allegations of ineffective assistance are denied. The facts he alleges, even assuming their truth, do not support an inference that counsel performed unreasonably. There is no need for an evidentiary hearing. *See United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (quoting *United States v.*

*McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)).

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The record shows that Lee faced significant perils and also created more trouble for himself by confessing to his mother over the jail phone and by attempting to chisel his way out of jail. He received a highly favorable plea agreement that resulted not only in the dismissal of five charges and withdrawal of an Information under 21 U.S.C. § 851 but also the forestalling of an Information alleging two prior felony drug convictions. None of the allegations of ineffective assistance of counsel support an inference that counsel's performance might have been unreasonable, so none meets the threshold of 28 U.S.C. § 2253(c)(2). There is no basis to encourage further proceedings. A COA is denied on all issues.

9

Accordingly, IT IS HEREBY ORDERED as follows:

1. Lee's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 113, 116) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Lee files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 16-44-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Lee.

DATED this 11th day of October, 2016.

Susan P. Watters
United States District Court